UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

EDWARD J. BERGERON                                    CIVIL ACTION

VERSUS                                                NO. 15-38

ZURICH AMERICAN INSURANCE COMPANY                     SECTION "N" (2)
  and MASSMAN CONSTRUCTION COMPANY

### ORDER AND REASONS

Before the Court is Plaintiff's "Motion to Sever Maintenance and Cure Cause of Action" (Rec. Doc. 8). For the reasons stated herein, **IT IS ORDERED** that Plaintiff's motion is **DENIED.**

### LAW AND ANALYSIS

When evaluating a plaintiff's request for severance, and expedited trial, of maintenance and cure claims, courts consider the following factors: (1) the plaintiff's interest in an expedited trial of the maintenance and cure issue; (2) the proximity of the scheduled trial date; (3) whether the plaintiff requested a jury trial; and (4) whether the non-moving party opposes the motion. See, e.g., *Cooper v. Nabors Offshore, Inc.*, No. 03-0344, 2003 WL 22174237, at *1 (E.D. La. Sept. 9, 2003) (Vance, J.). Despite Defendant's opposition, Plaintiff argues that these factors "weigh heavily" in favor of his motion. Specifically, regarding the first factor, Plaintiff maintains that he is "under extreme financial hardship" and requires surgery for which Defendant thus far has refused to pay. He also contends that severance is generally allowed when, as here, the scheduled trial date is six months away.[1]

---

[1]     Trial in this matter is set to commence on November 9, 2015. Plaintiff filed his motion to sever on May 5, 2015.

1

Disagreeing with Plaintiff's position, Massman Construction Co. ("Defendant") cites *Cooper* to rebut Plaintiff's claim that "extreme financial hardship" warrants severance.[2] Defendant additionally argues that, in any event, Plaintiff is not under extreme financial hardship because he has received $18,570.00 in workers' compensation benefits and refused Defendant's offer of light duty work (at full pay). With respect to Plaintiff's surgery request, Defendant emphasizes that Plaintiff failed to attend a scheduled independent medical examination intended to provide an independent evaluation of the alleged need for surgery. Defendant further claims that an earlier trial of the maintenance and cure claim would not take place within any appreciable time difference because the current trial date is only six months away[3] and discovery will take a few months to complete.

After carefully reviewing the information provided by the parties, the Court finds severance of Plaintiff's maintenance and care claim inappropriate. Plaintiff's primary argument for severance is that he is under extreme financial hardship due to Defendant's termination of his benefits. As urged by Defendant, however, financial hardship generally does not warrant severance and expedited trial of maintenance and cure claims.[4] See, e.g., *Cooper*, 2003 WL 22174237, at *1; *Grunderstrom v. 4-J's Enter.*, No. 03-2657, 2004 WL 551207, at *1 (E.D. La. Mar. 18, 2004)

---

[2]  In *Cooper*, the plaintiff argued that he had an interest in an expedited trial because he was experiencing financial hardship as a result of his injuries. The court, however, denied the requested severance. *Cooper*, 2003 WL 22174237, at *1.

[3]  At the time Defendant filed its opposition on May 14, 2015, trial was six months away. Now, less than five months remain.

[4]  Courts in this district generally deny severance of maintenance and cure claims, even in instances where a plaintiff's proffered interests in an expedited trial extend beyond the financial. See, e.g., *Marine Drilling Mgmt. Co. v. Scott*, No. 02-1967, 2003 WL 133218 (E.D. La. Jan. 15, 2003) (Engelhardt, J.); *Hampton v. Daybrook Fisheries, Inc.*, No. 01-1913, 2002 WL 1974107 (E.D. La. Aug. 27, 2002) (Vance, J.); *Charpentier v. Blue Streak Offshore, Inc.*, No. 96-323, 1996 WL 383126 (E.D. La. July 3, 1996) (Schwartz, J.)

2

(Vance, J.) (denying motion to sever premised upon the plaintiff's inability to afford surgery). Furthermore, the November 9, 2015 trial date is now less than five months away and the deadline for discovery, which presumably is ongoing, is not until August.[5] As such, even if expedited, a separate trial of Plaintiff's maintenance and cure claim likely would be held only a month or two before the currently set date for trial of *all* issues. On the showing made, it is not apparent to the Court that such limited relief would materially impact the outcome of Plaintiff's surgery or his overall financial situation.[6] Finally, because Defendant has requested a jury trial, granting Plaintiff's severance request would necessitate two separate trial proceedings. Considering that a significant amount of the parties' evidence likely relates to *all* of Plaintiff's claims, and therefore would be reiterated at the second proceeding, judicial economy and efficiency weigh in favor of having a single trial (on November 9, 2015) of *all* the issues.

---

[5]     Courts in this district generally do not grant motions to sever maintenance and cure claims within six months of trial. See, e.g., *Grundstrom*, 2004 WL 551207 at *1 (motion to sever within six months of trial denied); *Morgan v. Chet Morrison Contractors, Inc.*, No. 04-2766, 2008 WL 4758629 (E.D. La. Oct. 8, 2008) (Duval, J.) (motion to sever within eight months of trial denied).

[6]     The *Grundstrom* court stated, "[P]laintiff's accident occurred over two years ago…. The  additional delay is not likely to materially change the outcome of any surgery." 2004 WL 551207 at *2. Similarly, Plaintiff's injury occurred over one year ago and he already has received some medical treatment.

Given the foregoing, the Court finds that Plaintiff has not demonstrated that severance and expedited trial of his maintenance and cure claim are warranted. Therefore, **IT IS ORDERED** that Plaintiff's motion is **DENIED**.[7]

New Orleans, Louisiana, this 22nd day June 2015.

**KURT D. ENGELHARDT**
**United States District Judge**

---

[7]     Defendant alternatively claims that Plaintiff failed to mitigate his damages and thus forfeited his right to maintenance payments. The Court finds those issues more appropriately addressed at trial, or by a properly supported dispositive motion, and thus declines to resolve these issues as part of the instant procedural motion.