UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDWARD J. BERGERON | CIVIL ACTION |
| VERSUS | NO. 15-38 |
| ZURICH AMERICAN INSURANCE COMPANY and MASSMAN CONSTRUCTION COMPANY | SECTION "N" (2) |

### ORDER AND REASONS

Presently before the Court is "Massman Construction Co. and Zurich American Insurance Company's Motion for Partial Summary Judgment" (Rec. Doc. 22).  With their motion, Defendants ask the Court to conclude that Plaintiff Edward J. Bergeron, a seaman, is not entitled to an award of maintenance from September 22, 2014 to May 13, 2015. Having carefully reviewed the parties' submissions, **IT IS ORDERED**, for the reasons stated herein, that Defendants' motion is **DENIED**.

### LAW AND ANALYSIS

This litigation arises from a rotator cuff injury allegedly suffered by Plaintiff on or about January 23, 2014, when he slipped and fell after descending a gangway to shore at the end of the workday.  Plaintiff contends that a slippery substance on a crane pad caused him to slip and fall when he stepped off of it.  At the time of the accident, Plaintiff worked for Defendant Massman as a tugboat captain.

Defendants' motion for partial summary judgment focuses on the maintenance payments for living expenses typically paid to a seaman injured while in service of the ship until such time that has he reaches maximum cure. See, e.g., *Boudreaux v. United States*, 280 F.3d 461,

1

470 (5th Cir. 2002). This right may not be eliminated by contract. See *Dowdle v. Offshore Express, Inc.*, 809 F.2d 259, 263 (5th Cir. 1987) (citing *Cortes v. Baltimore Insular Line, Inc.*, 287 U.S. 367, 371 (1932)). Here, however, Defendants ask the Court to conclude that Plaintiff forfeited his right to receive maintenance payments from September 22, 2014 until May 13, 2015,[1] because he failed to mitigate his damages during that time by accepting alternative light duty employment offered to him, on September 22, 2014, December 1, 2014, and February 24, 2015, as part of the "TRANSITION2WORK program" utilized by Defendant Zurich.[2]

The first alternative position assigned to Plaintiff by TRANSITION2WORK Placement Coordinator Andrea Nivens was at ARC of Greater New Orleans (ARC). Plaintiff's duties at ARC would have been to assist in the warehouse by packing recycled Mardi Gras beads. The second position was at St. Francis Animal Sanctuary Thrift Store in Mandeville, Louisiana. Plaintiff's duties at the thrift store would have been to sort, tag, stock, and organize clothing, housewares, books, and small donated items, greeting and assisting customers, sweeping, and completing miscellaneous other job duties consistent with Plaintiff's 0restrictions. The third position was at the American Red Cross in Madisonville, Louisiana. Plaintiff's duties at the Red Cross would have been answering phones, greeting clients, and other tasks not requiring him to lift more than 20 pounds above his chest. Defendants contend that all of these positions complied with the light-duty

---

[1] Defendants limit their request to May 13, 2015, because on that date Zurich's utilization review panel approved the additional revisionary shoulder surgery recommended by Plaintiff's second surgeon, Dr. Simon Finger. See Rec. Doc. 22-1, p. 4 of 10.

[2] See Rec. Doc. 22-3.

work that Dr. Gerard L. Murtagh, Plaintiff's first surgeon,[3] authorized on June 20, 2014.[4]

Had he accepted one of these transitional positions until he was cleared to resume working as a tug boat captain, Plaintiff would have been paid his pre-injury full hourly wage rate rather than the lesser maintenance rate. Asserting that Plaintiff failed to properly mitigate his damages, however, by declining, without medical justification, to serve in one of these alternative positions, Defendants contend Plaintiff forfeited his right to receive *any* maintenance payment between September 22, 2014 and May 13, 2015.

In support of this assertion, Defendants cite *Domjan v. Settoon Constr., Inc., et al.,* No. 10-3398, 2012 WL 2417749, *2  (E.D. La. 06/26/2012) (Zainey, J.), and *Atlantic Sounding Co., Inc., et al. v. Parker, et al.,* No. 09-6831, 2010 WL 2836130, *6 (E.D. La. 07/14/2010) (Barbier, J.) for the proposition that seamen who fail to mitigate damages forfeit maintenance payments. Those decisions, however, are materially distinguishable from the facts presented here. In *Atlantic Sounding*, the injured deck hand voluntarily terminated his employment. See *Atlantic*, 2010 WL 2836130 at *14. Furthermore, the injured employees in *Domjan* and *Atlantic Sounding* were found to have failed to mitigate their damages when they did not accept alternative limited duty positions made available to them by their *employer* within the *employer's* business. See *Domjan,* 2012 WL 2417749  at *1 ("Divcon . . . offered a suitable light-duty office job"; *Id*. at *2 ("Plaintiff refused light duty work with Divcon"); *Atlantic Sounding*, 2010 WL 2836130 at * 4 ("Mr. Parker returned to the dredge [and] was required to sit in the leverman's room and to sweep the galley" but then "quit . . . without considering . . . other light-duty job options  . . . within the company").

---

[3] On December 9, 2014 Plaintiff consulted Dr. Finger, who recommended Plaintiff undergo a second surgery. See Rec. Doc. 22-1, p. 3 of 10.

[4] See Rec. Doc. 22-2, pp. 7 of 9 and 8 of 9.

Significantly, neither of those decisions went so far as to conclude that an injured seaman loses his right to receive maintenance payments, *as a matter of law,* unless he accepts *whatever* alternative light duty work (not barred by medical reasons) that is assigned to him by his employer or, as here, the employer's insurance carrier, regardless of the type, location, supervision, or other conditions of that work and, moreover, whether or not it is within or in furtherance of the *employer's* business, or even in the same industry. On the instant showing made, this Court similarly declines to do so with respect to job positions that seemingly bear no appreciable relation to the business in which Defendant Massman is engaged.

The Court additionally notes that the duty of mitigation exists so as to minimize the amount of monetary damages for which an injured person seeks recovery. In this instance, the total monetary amount sought by Plaintiff as maintenance appears to be less than that which would have been paid to him in wages had he accepted one of the alternative light duty job positions offered to him. Thus, on the limited showing made by Defendants, who bear the burden of proof relative to mitigation, it is not apparent to the Court how they have been unduly prejudiced by Plaintiff's failure to accept one of the light duty alternative job positions offered to him. Accordingly, for these reasons, Defendants' motion is denied.

New Orleans, Louisiana, this 7th day of December 2015.

                                      **KURT D. ENGELHARDT**
                                      **United States District Judge**